UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JAGIR SINGH, individually and derivatively
as a member of
RSM PROPERTY GROUP LLC

          Plaintiff,

 -against-

SUKHJINDER SINGH;
RAGHBIR SINGH;
RSM PROPERTY GROUP LLC;
SM CONTRACTORS CORP.
        Defendants.
---------------------------------------------------------X

DOCKET #

**COMPLAINT AND DEMAND FOR JURY TRIAL**

 Plaintiff, JAGIR SINGH, by its attorney Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP, alleges the following against Defendants SUKHJINDER SINGH, RAGHBIR SINGH, and RSM PROPERTY GROUP LLC (hereinafter collectively as "Defendants"):

## INTRODUCTION

1. This is an action for damages brought by Plaintiff as a result of fraud and breach of fiduciary duty.

## PARTIES

2. Plaintiff, Jagir Singh (hereinafter "Plaintiff") is domiciled at 271 Legacy Boulevard, Greenwood, Indiana 46143 and is a member with a 50% membership interest RSM Property Group LLC (hereinafter "RSM Property" or "Company").

3. Defendant, Sukhjinder Singh (hereinafter "S Singh") is domiciled in New York and is a member of RSM Property with an address at 758 Franklin Ave, Valley Stream, New York, 11580

4. Defendant, Raghbir Singh (hereinafter "R Singh"), is domiciled in New York and is the father of S Singh. He helps with the management of RSM Property.

5. Defendant, RSM Property, is a duly organized Limited Liability Company under the laws of the State of New York, with a principal place of business at 758 Franklin Avenue, Valley Stream, NY 11580.

6. Defendant SM CONTRACTORS CORP. ("SM") is a duly organized Corporation under the laws of the State of New York, with a principal place of business at 26 Vanderwater Ave, Floral Park, New York, 11001

## JURISIDCTION AND VENUE

7. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.

8. Venue is proper in this District under 28 U.S.C. § 1391 because the real properties in issue giving rise to the claims occurred in this District.

## STATEMENT OF FACTS

9. On or about June 2016, R Singh approached Plaintiff about a potential investment opportunity.

10. R Singh represented to Plaintiff that Plaintiff and R Singh would be named 50% members of any LLC they decide to form.

11. Further, R Singh represented to the Plaintiff that the properties purchased by the Company would be sold within a year or a year and a half from their purchase date.

12. After a few discussions between R Singh and Plaintiff, Plaintiff agreed to invest – RSM Property was formed on or about December 18, 2015.

13. On December 30, 2016, Plaintiff provided R Singh and S Singh with a cashier's check in an amount equal to $300,000.00 toward the purchase of a property located at 9900 Glenwood Road, Brooklyn, NY (hereinafter "Original Subject Property").

14. A short time before the closing of the Original Subject Property, Plaintiff was informed that R Singh would not be the other 50% member in the Company and that it would instead be his son, S Singh.

15. Plaintiff and S Singh now both hold a 50% ownership interest in RSM Property.

16. Prior to the closing of the Original Subject Property, R Singh informed Plaintiff that the property was being purchased by RSM Property for $450,000.00. Public records reveal that the real purchase price was $420,000.00.

17. Attorney Nehal Trivedi (hereinafter "Trivedi") represented RSM Property as the buyer of the Original Subject Property. After the closing, Trivedi instructed S Singh to sign a few documents that he claimed were unimportant and unrelated to the closing. He then informed Plaintiff that he would send the documents to Plaintiff at a later time.

18. Plaintiff requested all closing documents as well as the documents signed by S Singh, but has received no copies thus far.

19. R Singh informed Plaintiff that there was a bank account created for the use of RSM Property and that Plaintiff's name was added as a signatory on the account.

20. On or about May 2019, Plaintiff visited Chase Bank branch in Greenwood, Indiana and was informed by a representative of the bank that there was only one signatory on the bank account and that Plaintiff was not the signatory on said account.

21. The Original Subject Property was eventually subdivided into two separate properties with addresses at 9900 Glenwood Road, Brooklyn, NY (hereinafter "Property 1") and 9904 Glenwood Road, Brooklyn, NY (hereinafter "Property 2").

22. Plaintiff and R Singh agreed to sell Property 1, and a Buyer was found six months prior to the closing date. Plaintiff was aware that the property was in contract and scheduled to close, but was never given an opportunity to review the contract before closing.

23. Further, Plaintiff was only informed about the time and place of the closing one week before it took place.

24. Prior to the closing, R Singh gave Plaintiff funds in an amount equal to $30,000.00.

25. The closing took place on May 13, 2019 at the buyer's attorney's office in Garden City, NY. Plaintiff received an additional $120,000.00 purported to be his portion of the proceeds from the sale of Property 1 despite the fact that the purchase price of the property was $740,000.00.

26. Plaintiff questioned R Singh as to why he was receiving such a small sum for the sale of Property 1 and he responded saying that there were additional expenses that needed to be paid in reference to the sale, but failed to substantiate any of these expenses with supporting documentation.

27. On or about March 2020, R Singh informed Plaintiff that Property 2 was set to be sold to Olivia Natasha Brathwaite and Marjorie Elanie Omeally and a Contract of Sale was signed on March 16, 2020.

28. After Plaintiff was informed that Property 2 was scheduled for closing, Plaintiff requested a proper accounting to ensure that the proceeds from the sale would be divided proportionally between him and S Singh.

29. On April 1, 2020, Plaintiff sent a letter to S Singh demanding inspection of all books and records from December 18, 2015 to the present pursuant to New York Limited Liability Company Law § 1102 by May 1, 2020. (**See Exhibit A** – Demand letter).

30. S Singh responded with a letter dated April 17, 2020, stating that S Singh uses the accounting services of Sandeep Grover (hereinafter "Grover") and because of the pandemic, Grover is not in the office and cannot produce the necessary records at that time. (**See Exhibit B** – Letter from Attorney Ahluwalia).

31. On August 11, 2020, Terrance Dougherty – an attorney who represented RSM Property in the sale of Property 1 and Property 2 sent several invoices and what appears to be a spreadsheet with the alleged invoices from contractors for improvements of the properties. However, it is unclear on what the total amounts of money were actually spent and for which work. In sum and substance, Plaintiff's demand pursuant to LLCL § 1102 remains outstanding to this day.

32. On August 13, 2020, Plaintiff and S. Singh entered into an Escrow and Reservation of Rights Agreement. The purpose of the Escrow and Reservation of Rights Agreement (**Exhibit C**) was to allow the closing for Property 2 to move forward.

33. There is presently approximately $350,000 deposited in the IOLTA account of Terrance Dougherty.

## AS AND FOR A FIRST CAUSE OF ACTION
(Direct Cause of Action by Plaintiff against Defendant S Singh and RSM Property for Accounting)

34. Plaintiff repeats and realleges each and every allegation set forth in previous paragraphs as though fully set forth herein.

35. S Singh owes Plaintiff and RSM Property fiduciary duties with respect to the business affairs of RSM Property.

36. Plaintiff is entitled to an accounting in connection with RSM Property.

37. An accounting is necessary to determine Plaintiff's monetary damages and/or determine the true and full information about the financial affairs of RSM Property.

38. The accounting is applicable to RSM Property for each annual year of its operation.

## AS AND FOR A SECOND CAUSE OF ACTION
(Direct Cause of Action by Plaintiff against S Singh and R Singh for Unjust Enrichment)

39. Plaintiff repeats and realleges each and every allegation set forth in previous paragraphs as though fully set forth herein.

40. Plaintiff and S Singh are both 50% owners of RSM Property.

41. RSM Property purchased the Subject Property on December 30, 2016. Plaintiff invested $300,000.00 towards the purchase of this property.

42. Prior to the closing, Plaintiff was informed that the purchase price of the Subject Property was $420,000.00 when in actuality, the purchase price was $450,000.00 – a fact that Plaintiff was not aware of until after the closing. The remaining $30,000.00 requested by S Singh has yet to be accounted for.

43. On information and belief, S Singh used these extra funds provided on the closing for an improper purpose.

44. The Subject Property was eventually subdivided into two separate properties – Property 1 and Property 2.

45. Property 1 was sold on May 13, 2019. Property 2 has sold on August 19, 2020

46. When Property 1 was sold, the sale price of the property was $740,000. Plaintiff has only received $150,000 from the sale of this property. Plaintiff is yet to receive any proceeds from the sale of Property 2.

47. The total sale price of Property and Property 2 exceeded $1.5 million. It is against equity and good conscience to allow S Singh and R Singh to only distribute $150,000 to Plaintiff and keep the rest despite the fact that Plaintiff was a 50% Member of RSM Property.

### AS AND FOR A THIRD CAUSE OF ACTION
(Individual Cause of Action by Plaintiff against S Singh and R Singh for Fraud)

48. Plaintiff repeats and realleges each and every allegation set forth in previous paragraphs as though fully set forth herein.

49. R Singh approached Plaintiff about a potential investment opportunity and informed him that if Plaintiff were to invest, R Singh and Plaintiff would be 50% members of any LLC they form.

50. Plaintiff relied on this information and agreed to invest, which lead to the formation of RSM Property on December 18, 2015.

51. Plaintiff later found out that R Singh would not be the other 50% member of the Company, but it would instead be his son, S Singh.

52. RSM Property purchased the Subject Property on December 30, 2016.  At the closing, Plaintiff presented S Singh and R Singh with a cashier's check of $300,000.00.  At this point, Plaintiff was informed by R Singh that the purchase price of the property was $450,000.00.  It was not until after the closing that Plaintiff was informed that the purchase price was actually $420,000.00.  Plaintiff is still unaware of the whereabouts of

the remaining $30,000.00 that S Singh and R Singh misrepresented they needed for the purchase of the property.

53. On or about May 2019, Plaintiff was told by R Singh that there is a bank account under the Company's name and that Plaintiff was named as a signatory. When Plaintiff went to the Chase Bank in Greenwood, Indiana, the bank representative informed him that there was only one name on the account – a name that was not Plaintiff's. Plaintiff has yet to receive access to RSM Property's bank account even though he is a 50% member of the Company.

54. The Subject Property was eventually subdivided and split into two separate parcels of land – Property 1 and Property 2.

55. On May 13, 2019, Property 1 was sold and Plaintiff was given only $150,000.00 total ($30,000.00 before the closing and $120,000.00 after the closing) purported to be his portion of the sale of the property. The purchase price of the property was $740,000.00. Since Plaintiff is a 50% member of RSM Property, the proceeds should have been split proportionally between Plaintiff and S Singh, but Plaintiff has not received his fair share of the sale of Property 1.

56. When Plaintiff questioned S Singh and R Singh as to why he was receiving such a small sum for Property 1, they simply stated that there were other expenses involved without providing any documents as to the same.

57. Plaintiff has yet to receive any documents related to the closing of Property 1 and has still not received his 50% share of the proceeds from the sale.

58. On or about March 2020, R Singh informed Plaintiff that a closing date had been set for Property 2. After Plaintiff was informed, he requested that a proper accounting be

conducted to ensure that the proceeds from the sale would be divided equally between him and S Singh.

59. R Singh and S Singh refused the accounting, which lead to a dispute as to how to split the proceeds of the sale.  Because of this dispute, Property 2 has yet to close.

60. On April 1, 2020, Plaintiff sent S Singh a Demand Letter requesting all financial books and records.  S Singh responded on April 17, 2020 stating that Grover cannot provide access at the moment because of the pandemic.  It is now August and R Singh and S Singh have still failed to provide access to any books and records related to RSM Property.

61. On information and belief, R Singh induced Plaintiff to invest in the company knowing full well that his son, S Singh, was going to be the other 50% member in RSM Property.

62. Further, R Singh and S Singh failed to provide Plaintiff with his proportional share from the sale of Property 1.

63. Further, R Singh and S Singh have failed to disclose the whereabouts of the extra funds they received after misrepresenting the purchase price of the Subject Property to Plaintiff.

64. On information and belief, R Singh and S Singh have refused an accounting and have failed to give Plaintiff access to Company books and records or access to the Company bank account to conceal self-dealing.

65. As a direct and proximate result of this fraud, Plaintiff has been harmed in an amount to be determined at trial.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Derivative Cause of Action by Plaintiff against S Singh for Breach of Fiduciary Duty)

66. Plaintiff repeats and realleges each and every allegation set forth in previous paragraphs as though fully set forth herein.

67. Throughout the period relevant to this Complaint, S Singh owed and continues to owe fiduciary duties to RSM Property. These duties arise out of S Singh being a managing member and a 50% owner of RSM Property. These duties require S Singh to properly manage and to protect the interests of RSM Property including, but not limited to, using Company funds for the benefit of the Company and disclosing where Company funds are being spent.

68. S Singh breached the fiduciary duties he owes to RSM Property by failing to disclose the real purchase price of the Subject Property, failing to provide Plaintiff with his proportional share of Property 1, failing to agree to an accounting, and failing to provide Plaintiff with access to books and records or access to the bank account associated with RSM Property.

69. Such misconduct by S Singh includes violations of his duty of loyalty, honesty, and/or self-dealing, in connection with his management of RSM Property.

70. Plaintiff has been derivatively damaged as a result of such misconduct by S Singh in an amount to be determined at trial.

## AS AND FOR A FIFTH CAUSE OF ACTION

(Derivative Cause of Action against SM for unjust enrichment)

71. Plaintiff repeats and realleges each and every allegation set forth in previous paragraphs as though fully set forth herein.

72. On information and belief R Singh is a principal of SM. According to several invoices that were provided to the Plaintiff, SM acted as a general contractor for Property 1 and Property 2. This allegation is based on the fact that SM ordered supplies and labor for Property 1 and Property 2.

73. On information and belief some of the money from the sale proceeds of Property 1 and 2 were distributed to SM.

74. Some or all of the monies distributed to SM were supposed to be distributed to Plaintiff.

75. There has been failure on behalf of SM to make restitutions for moneys it received.

76. Plaintiff has been directly damaged by SM's misconduct with the amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment of this Court in his favor against Defendants, for damages and relief on Plaintiff's causes of action, and such other relief as follows:

a. On the first cause of action against Defendant S Singh for ACCOUNTING, with respect to the business of RSM PROPERTY GROUP, from December 18, 2015 to the present; and

b. On the second cause of action against Defendants S Singh and R Singh for unjust enrichment, in an amount to be determined at trial; and

c. On the third cause of action against Defendants S Singh and R Singh for FRAUD, in an amount to be determined at trial; and

d. On the fourth cause of action derivatively against Defendant S Singh, with respect to the business of RSM PROPERTY GROUP, for BREACH OF FIDUCIARY DUTY, in an amount to be determined at trial; and

e. On the fifth cause of action against SM for unjust enrichment in the amount to be determined at trial

f. Plaintiff further respectfully requests such other and further relief as this Court may deem just and proper.

Dated: Kew Gardens, NY
       October 13, 2020

/s/ Kadochnikov

_____
Alexander Kadochnikov
Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP
*Attorney for the Plaintiff*
80-02 Kew Gardens Rd, Suite 600
Kew Gardens, NY 11415
718-577-3261
akadochnikov@sbagk.com